Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336
E-Mail:  mark@markmerin.com
         paul@markmerin.com

Attorneys for Plaintiffs
E.H. and CYNTHIA MARTIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| E.H. and CYNTHIA MARTIN, | Case No. |
|---|---|
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| vs. | |
| CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**INTRODUCTION**

This action arises from a false arrest and use of excessive force by CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT officers against a minor, E.H., while the injured boy's mother, CYTHIA MARTIN, was denied access to her son, as he was detained by officers and coerced into signing a "trespass admonishment" that was not explained to him and which he did not understand.

**JURISDICTION & VENUE**

1.  This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

1

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intra-district venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

**EXHAUSTION**

4. On July 29, 2022, E.H. and CYNTHIA MARTIN submitted a government claim to the State of California, CALIFORNIA EXPOSITION & STATE FAIR, and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT concerning the claims asserted in this action.

5. Within 45 days after the government claim was presented, CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT have failed or refused to act on the government claim. *See* Cal. Gov. Code § 912.4(c).

**PARTIES**

6. Plaintiff E.H., a minor, is a resident of the State of California, County of Sacramento.

7. Plaintiff CYNTHIA MARTIN is a resident of the State of California, County of Sacramento.

8. Defendant CALIFORNIA EXPOSITION & STATE FAIR is a "public entity," pursuant to Cal. Gov. Code § 811.2, located in the State of California, County of Sacramento.

9. Defendant CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT is a "public entity," pursuant to Cal. Gov. Code § 811.2, located in the State of California, County of Sacramento.

10. Defendants DOE 1 to 10 are and/or were agents or employees of Defendants CALIFORNIA EXPOSITION & STATE FAIR and/or CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendants DOE 1 to 10's true and correct names and identities are not currently known. Defendants DOE 1 to 10 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

## GENERAL ALLEGATIONS

11. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12. On July 19, 2022, Plaintiff CYNTHIA MARTIN took her 11-year-old son, Plaintiff E.H., and several of his friends to Defendant CALIFORNIA EXPOSITION & STATE FAIR's fairgrounds, located at 1600 Exposition Boulevard, Sacramento, California 95815.

13. The fairgrounds were hosting a "Tuesday Kids Free Day."

14. Plaintiff E.H. and his friends spent several hours at the fairgrounds enjoying games and rides, without issue.

15. Around 11:00 p.m., Plaintiff E.H. and his friends were waiting in line to ride a rollercoaster.

16. Plaintiff E.H. and his friends reached the front of the ride's line.

17. The gate which admitted riders onto the rollercoaster remained closed.

18. Plaintiff E.H. and his friends were engaged in banter and jockeying to determine who would sit in the first car at the front of the rollercoaster.

19. Plaintiff E.H. anticipated that the gate to the rollercoaster would open soon and was determined to sit in the first car at the front of the rollercoaster.

20. Plaintiff E.H. jumped over the gate to the rollercoaster, before the gate opened to admit riders from the line.

21. Plaintiff E.H. took a seat in the first car of the ride.

22. Plaintiff E.H. was approached by a ride operator who informed Plaintiff E.H. that he would not be permitted to ride and that he was required to exit the ride area.

23. Plaintiff E.H. complied with the operator's directive, exited the ride, and left the ride area.

24. Plaintiff E.H. waited outside of the ride area, while his friends rode the rollercoaster.

25. Plaintiff E.H. rejoined his friends, after the roller-coaster ride conclude.

26. Plaintiff E.H. and his friends had arranged to meet his mother, Plaintiff CYNTHIA MARTIN, near an exit from the fairgrounds.

27. Plaintiff E.H. and his friends walked towards the exit from the fairgrounds.

28. Plaintiff E.H. noticed that he was being followed by several of Defendant CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT's officers, Defendants DOE 1 to 10, as Plaintiff E.H. and his friends walked towards the exit from the fairgrounds.

29. Plaintiff E.H. became scared, as Defendants DOE 1 to 10 stalked him and his friends.

30. Plaintiff E.H. was an 11-year-old Black boy, approximately 5'3" tall and 100 lbs., on the date of the incident. Plaintiff E.H. feared the officers, given his knowledge that many Black boys and men are frequently assaulted and killed by law enforcement, without justification.

31. Plaintiff E.H. began to run away from Defendants DOE 1 to 10.

32. Defendants DOE 1 to 10 chased Plaintiff E.H. and caught-up to Plaintiff E.H.

33. Defendants DOE 1 to 10 grabbed hold of Plaintiff E.H. and tackled him to the asphalt-paved ground.

34. Plaintiff E.H. was able to escape Defendants DOE 1 to 10's grasp on the ground.

35. Plaintiff E.H. got up from the ground and continued to run towards the exit from the fairgrounds. Plaintiff E.H. intended to reach the exit, where he anticipated he would be safe and that his mother, Plaintiff CYNTHIA MARTIN, would be waiting for him.

36. Defendants DOE 1 to 10 continued to chase Plaintiff E.H.

37. Defendants DOE 1 to 10 again caught-up to Plaintiff E.H., near an exit from the fairgrounds.

38. Defendants DOE 1 to 10 again grabbed hold of Plaintiff E.H and tackled him to the ground.

39. Defendants DOE 1 to 10 tackled Plaintiff E.H. into a gate, which caused a deep cut into Plaintiff E.H.'s right forearm.

40. Plaintiff E.H. also sustained scrapes and bruises on his right arm and left hip from being tackled to the ground by Defendants DOE 1 to 10.

41. Defendants DOE 1 to 10 pinned Plaintiff E.H. to the ground with their knees.

42. Defendants DOE 1 to 10 choked and scratched Plaintiff E.H. with their hands.

43. Plaintiff E.H. was terrified, as Defendants DOE 1 to 10 assaulted him.

44. Defendants DOE 1 to 10's assault on Plaintiff E.H. violated Defendant CALIFORNIA

4

EXPOSITION & STATE FAIR POLICE DEPARTMENT General Order No. 200.100 ("Use of Force").

45. Patrons and witnesses in and around the area were outraged and began verbally to protest Defendants DOE 1 to 10's assault on a child.

46. Plaintiff CYNTHIA MARTIN arrived at the scene and witnessed Defendants DOE 1 to 10 assaulting her child, Plaintiff E.H.

47. Plaintiff CYNTHIA MARTIN informed Defendants DOE 1 to 10 that she was Plaintiff E.H.'s mother and asked what had occurred to cause the assault on her child.

48. Defendants DOE 1 to 10 ignored Plaintiff CYNTHIA MARTIN.

49. Defendants DOE 1 to 10 lifted Plaintiff E.H. off of the ground, by grabbing him around the neck, with his arms held behind his back, as an arrestee.

50. Defendants DOE 1 to 10 dragged Plaintiff E.H. to a nearby bench.

51. Plaintiff E.H. was visibly injured and upset.

52. Plaintiff CYNTHIA MARTIN asked Defendants DOE 1 to 10 to permit her to help her injured child.

53. Defendants DOE 1 to 10 refused to permit Plaintiff CYNTHIA MARTIN near Plaintiff E.H., physically blocked Plaintiff CYNTHIA MARTIN's access to Plaintiff E.H., and accused Plaintiff CYNTHIA MARTIN of "interfering."

54. Defendants DOE 1 to 10 dragged Plaintiff E.H. from the bench to a security area and into a security trailer.

55. Plaintiff CYNTHIA MARTIN followed behind Defendants DOE 1 to 10, as they dragged Plaintiff E.H. to the security area.

56. Defendants DOE 1 to 10 physically blocked Plaintiff CYNTHIA MARTIN's access to the security area and security trailer in which Plaintiff E.H. was confined.

57. Plaintiff CYNTHIA MARTIN asked to be present with her injured child inside of the security trailer.

58. Defendants DOE 1 to 10 refused to admit Plaintiff CYNTHIA MARTIN.

59. Defendants DOE 1 to 10 took photos of Plaintiff E.H.'s injuries, inside of the security trailer.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

60. One of Defendants DOE 1 to 10 told Plaintiff E.H. that he was "sorry."

61. Defendant DOE 1 subject Plaintiff E.H. to a custodial interrogation, without Defendant DOE 1 providing a *Miranda* warning or obtaining the waiver of any *Miranda* rights, and without permitting Plaintiff E.H. to consult with legal counsel, in violation of Cal. Welf. & Inst. Code § 625.6(a).

62. Defendant DOE 1 obtained Plaintiff E.H.'s personal information and used it to fill-out a form.

63. Defendant DOE 1 presented the filled-in form to Plaintiff E.H., which was a "Trespass Admonishment" (CESFP 19) form.

64. Defendant DOE 1's form identified that Plaintiff E.H. had violated "Code of Conduct: Jumping Fences."

65. Defendant DOE 1 demanded that Plaintiff E.H. sign the form.

66. Plaintiff E.H. asked Defendant DOE 1 what would happen if he refused to sign the form.

67. Defendant DOE 1 responded: "Sign this form, or you will be arrested for trespassing."

68. Plaintiff E.H. was intimidated and coerced into signing the form, the contents of which he did not understand and were not explained to him.

69. The form was also signed as "advised" and "reviewed" by "Lt. J. Long," Badge No. "L-1."

70. Defendants DOE 1 to 10's arrest and detention of Plaintiff E.H. violated Defendant CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT General Order No. 2100.200 ("Juvenile Detention Policy").

71. Plaintiff E.H. was eventually released from custody and permitted to leave the security trailer.

72. Plaintiff E.H. was then permitted access to his mother, Plaintiff CYNTHIA MARTIN.

73. Plaintiff CYNTHIA MARTIN took Plaintiff E.H. to the Kaiser Permanente South Sacramento Medical Center for medical treatment and therapy, following the incident.

74. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT issued a press release, through media relations employee Darla Givens, stating: "We are disappointed about the situation that happened at 11:30 p.m. on

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

Tuesday, July 19. A child, unattended by a parent or guardian, was demonstrating dangerous behavior that put himself and others at risk of severe physical harm, specifically climbing over a safety fence and almost being hit by a roller coaster ride. . . After a short chase, the boy was detained by Cal Expo Police and a small cut was addressed with a Band-Aid. After short questioning and agreement by him not to return to the fair, the minor was released to his mother without arrest. . . [The officers] followed all proper policies to quell the situation and keep the minor safe."

75. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT issued the press release with knowledge that it was false. On information and belief: Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT had access to video-recordings of Defendants DOE 1 to 10's assault on Plaintiff E.H., which demonstrated the use of excessive force and policy violations by Defendants DOE 1 to 10.

76. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT made a conscious and affirmative choice to approve Defendants DOE 1 to 10's actions against Plaintiffs E.H. and CYNTHIA MARTIN.

## **FIRST CLAIM**

**False Arrest**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

77. Plaintiff E.H. asserts this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

78. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

79. Defendants DOE 1 to 10 falsely arrested Plaintiff E.H., without a warrant and without probable cause, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

80. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT ratified and adopted Defendants DOE 1 to

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

10's unlawful action against Plaintiff E.H., in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

81. Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

82. Plaintiff E.H. was injured as a direct and proximate result of Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff E.H. prays for relief as hereunder appears.

## SECOND CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

83. Plaintiff E.H. asserts this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

84. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

85. Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff E.H., in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

86. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT ratified and adopted Defendants DOE 1 to 10's unlawful action against Plaintiff E.H., in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

87. Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

88. Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

89. Plaintiff E.H. was injured as a direct and proximate result of Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff E.H. prays for relief as hereunder appears.

## THIRD CLAIM

### False Arrest

### (Cal. Const. Art. I § 13)

90. Plaintiff E.H. asserts this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

91. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

92. Defendants DOE 1 to 10 falsely arrested Plaintiff E.H., without a warrant and without probable cause, in violation of Article I, Section 13 of the California Constitution.

93. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT ratified and adopted Defendants DOE 1 to 10's unlawful action against Plaintiff E.H., in violation of Article I, Section 13 of the California Constitution.

94. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of their employment, including Defendants DOE 1 to 10.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

95. Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

96. Plaintiff E.H. was injured as a direct and proximate result of Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff E.H. prays for relief as hereunder appears.

## FOURTH CLAIM

### Excessive Force

### (Cal. Const. Art. I § 13)

97. Plaintiff E.H. asserts this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

98. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

99. Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff E.H., in violation of Article I, Section 13 of the California Constitution.

100. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT ratified and adopted Defendants DOE 1 to 10's unlawful action against Plaintiff E.H., in violation of Article I, Section 13 of the California Constitution.

101. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of their employment, including Defendants DOE 1 to 10.

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

102. Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

103. Plaintiff E.H. was injured as a direct and proximate result of Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff E.H. prays for relief as hereunder appears.

## FIFTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

104. Plaintiff E.H. asserts this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

105. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

#### False Arrest

106. Defendants DOE 1 to 10 falsely arrested Plaintiff E.H., without a warrant and without probable cause, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

107. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT ratified and adopted Defendants DOE 1 to 10's unlawful action against Plaintiff E.H., with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

\ \ \

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

Excessive Force

108.   Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff E.H., with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

109.   Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT ratified and adopted Defendants DOE 1 to 10's unlawful action against Plaintiff E.H., with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive him of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Common Allegations

110.   Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of their employment, including Defendants DOE 1 to 10.

111.   Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

112.   Plaintiff E.H. was injured as a direct and proximate result of Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff E.H. prays for relief as hereunder appears.

## SIXTH CLAIM

### False Arrest / Imprisonment

113.   Plaintiff E.H. asserts this Claim against Defendants CALIFORNIA EXPOSITION &

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

114. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

115. Defendants DOE 1 to 10 falsely arrested / imprisoned Plaintiff E.H., without a warrant and without probable cause.

116. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of their employment, including Defendants DOE 1 to 10.

117. Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

118. Plaintiff E.H. was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff E.H. prays for relief as hereunder appears.

### SEVENTH CLAIM

#### Assault / Battery

119. Plaintiff E.H. asserts this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

120. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

121. Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff E.H.

122. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT are vicariously liable, through the principles

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

of *respondeat superior* pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of their employment, including Defendants DOE 1 to 10.

123. Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

124. Plaintiff E.H. was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff E.H. prays for relief as hereunder appears.

## EIGHTH CLAIM

### Intentional Infliction of Emotional Distress

125. Plaintiffs E.H. and CYNTHIA MARTIN assert this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

126. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

127. Defendants DOE 1 to 10 engaged in outrageous conduct against Plaintiff E.H. which caused severe emotional distress, including: (1) false arrest / imprisonment; (2) use of unreasonable and excessive force; (3) denial of access to an available parent, Plaintiff CYNTHIA MARTIN; (4) violations of Cal. Welf. & Inst. Code § 625.6(a); and (5) threats of being taken to jail, unless an unexplained "trespass admonishment" form was signed.

128. Defendants DOE 1 to 10 engaged in outrageous conduct against Plaintiff CYNTHIA MARTIN which caused severe emotional distress, including denial of access to her injured and detained minor son, Plaintiff E.H.

129. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

and omissions of their agents and employees acting within the scope of their employment, including Defendants DOE 1 to 10.

130. Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

131. Plaintiffs E.H. and CYNTHIA MARTIN were injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling them to receive compensatory damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiffs E.H. and CYNTHIA MARTIN pray for relief as hereunder appears.

## NINTH CLAIM

### Negligence

132. Plaintiffs E.H. and CYNTHIA MARTIN assert this Claim against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10.

133. The allegations of the preceding paragraphs 1 to 76 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

134. Defendants DOE 1 to 10 owed Plaintiff E.H. a duty of care and breached that duty, including by engaging in: (1) false arrest / imprisonment; (2) use of unreasonable and excessive force; (3) denial of access to an available parent, Plaintiff CYNTHIA MARTIN; (4) violations of Cal. Welf. & Inst. Code § 625.6(a); and (5) threats of being taken to jail, unless an unexplained "trespass admonishment" form was signed.

135. Defendants DOE 1 to 10 owed Plaintiff CYNTHIA MARTIN a duty of care and breached that duty, including by engaging in denial of access to her injured and detained minor son, Plaintiff E.H.

136. Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their agents and employees acting within the scope of their employment, including

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

1  Defendants DOE 1 to 10.

2      137.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or
3  malice resulting in great harm.

4      138.    Plaintiffs E.H. and CYNTHIA MARTIN were injured as a direct and proximate result of
5  Defendants DOE 1 to 10's actions and inactions, entitling them to receive compensatory damages against
6  Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE
7  FAIR POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to
8  10.

9      WHEREFORE, Plaintiffs E.H. and CYNTHIA MARTIN pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs E.H. and CYNTHIA MARTIN seek Judgment as follows:

1. For an award of compensatory, general, special, and/or nominal damages against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10, in excess of $1,000,000, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional and statutory rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CALIFORNIA EXPOSITION & STATE FAIR, CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, and DOE 1 to 10, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that punitive damages are not sought against Defendants CALIFORNIA EXPOSITION & STATE FAIR and CALIFORNIA EXPOSITION & STATE FAIR POLICE DEPARTMENT, pursuant to Cal. Civ. Code § 818);

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

Dated: October 18, 2022

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

   Attorneys for Plaintiffs
   E.H. and CYNTHIA MARTIN

17

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs E.H. and CYNTHIA MARTIN.

Dated: October 18, 2022                Respectfully Submitted,

By: _____
   Mark E. Merin
   Paul H. Masuhara
   LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
   Sacramento, California 95814
   Telephone: (916) 443-6911
   Facsimile: (916) 447-8336

      Attorneys for Plaintiffs
      E.H. and CYNTHIA MARTIN

18

**COMPLAINT; DEMAND FOR JURY TRIAL**
*E.H. v. Cal. Expo. & State Fair*, United States District Court, Eastern District of California, Case No. _____