UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.H., et al., | No. 2:22-cv-01844-DAD-DB |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION FOR APPROVAL OF MINOR'S COMPROMISE |
| CALIFORNIA EXPOSITION & STATE FAIR, et al., | (Doc. No. 22) |
| Defendants. | |

On October 18, 2023, plaintiff E.H., by and through his mother and guardian *ad litem*, plaintiff Cynthia Martin, filed a motion for an order approving a proposed minor's compromise settling his claims in this action. (Doc. No. 22.) Defendants do not oppose the pending motion. On October 24, 2023, plaintiffs' motion was taken under submission to be decided on the papers. (Doc. No. 23.) For the reasons discussed below, the court will grant the motion.

**BACKGROUND**

E.H. is a twelve-year-old male, but he was eleven years old at the time of the events giving rise to this action. (Doc. No. 22-1 at 2, 7.) The pending application provides a detailed factual background, which the court incorporates by reference herein. In short, this action involves the assault, arrest, and detention of plaintiff E.H. by California State Fair officers late in the evening of July 19, 2022, including coercing plaintiff E.H. to sign a "trespass" notice under the threat of imprisonment and denying plaintiff's mother access to plaintiff E.H. during that

1   detention.  (*Id.* at 2–5.)  Further, as stated in the pending application,

> E.H. sustained physical injuries as a result of the incident, including scrapes, bruises, and a large cut on his forearm.  E.H. also sustained psychological injuries, including anxiety and fear, for which he is currently receiving therapy.  With the aid of therapy, E.H. hopes his injuries will not be permanent.

(*Id.* at 8–9) (internal citation omitted).

Plaintiffs filed the complaint initiating this action on October 18, 2022.  (Doc. No. 1.)  Therein, plaintiffs assert the following claims against defendants:  (1) a claim under 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment to the United States Constitution; (2) a § 1983 claim of excessive use of force in violation of the Fourth Amendment; (3) a claim of false arrest in violation of the California Constitution; (4) a claim of excessive use of force in violation of the California Constitution; (5) a claim under the Tom Bane Civil Rights Act, California Civil Code § 52.1; (6) a claim of false arrest/imprisonment; (7) a claim of assault/battery; (8) a claim for intentional infliction of emotional distress; and (9) a claim for negligence.  (Doc. No. 1.)

On September 15, 2023, the parties participated in an early settlement conference before Magistrate Judge Dennis M. Cota, and the parties agreed to the terms of their settlement.  (Doc. No. 21.)  On October 18, 2023, plaintiffs filed the pending motion for an order approving the proposed minor's compromise settling the claims in this action.  (Doc. No. 22.)

## LEGAL STANDARD

This court has a duty to protect the interests of minors participating in litigation before it.  *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to

each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rules 202(b)–(c).

## ANALYSIS

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred at a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). Having considered the unopposed motion for approval of the minor's compromise in this case, the undersigned concludes that the settlement agreement is reasonable and in plaintiff E.H.'s best interests.

The proposed settlement agreement provides that E.H. will receive $100,000.00 of the overall $133,333.00 settlement amount offered to settle his claims. In their pending motion,

plaintiffs argue that this settlement amount is fair and reasonable, emphasizing that the involvement of Magistrate Judge Cota in assisting the parties in negotiating and reaching the terms of the proposed settlement suggests that the terms are fair and reasonable. (Doc. No. 22-1 at 8) (citing *Parenti v. Cnty. of Monterey*, No. 14-cv-05481-BLF, 2019 WL 1245145, at *3 (N.D. Cal. Mar. 18, 2019) (approving a minor's compromise as reasonable in part because "the parties engaged in extensive negotiations with a magistrate judge to reach settlement")). Further, plaintiffs notes that, given the unusual circumstances that gave rise to this action, they were unable to identify factually similar actions or settlements that would be useful for comparison by the court. (Doc. No. 22-1 at 9.) Nonetheless, plaintiffs have provided reference to a few cases involving assaults by police officers on minors, and the court finds that those cases are sufficiently similar to this one to be useful points of comparison with regard to settlement amounts. (*Id.* at 9–10.) As a result, the court finds that the recovery to E.H. in this case is commensurate with minors' compromises that have been approved in similar cases involving assaults by police officers.

The court further finds that the amount deducted from the total recovery for attorneys' fees is reasonable here. This pending motion seeks an order awarding attorneys' fees amounting to 25% of the total recovery, plus costs. (Doc. No. 22-1 at 8–9.) In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors. *See, e.g.*, *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. S. Fork Union Sch. Dist.*, NO. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. Cnty. of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced Cnty.*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008); *Schwall v. Meadow Wood Apartments*, No. 2:07-cv-00014-LKK, 2008 WL 552432, at *1, (E.D. Cal. Feb. 27, 2008); *Walden v. Moffett*, No. 1:04-cv-06680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007). In addition, plaintiffs' counsel has provided information in the declaration of attorney Mark E. Merin satisfying the requirements of Local Rule 202(c). (Doc. No. 22-2 at 3.) Specifically, attorney Merin stated that plaintiff E.H. is

represented by his law firm, which was retained in July 2022 and has represented plaintiff E.H. through the entire pendency of this action. (*Id.* at 2.) Attorney Merin further explains that "[t]he retainer agreement between Plaintiff E.H. and his attorneys provides for a contingency fee of twenty-five percent (25%) of any recovery, plus costs," and on that basis, plaintiffs' counsel "expect[s] to receive compensation in the amount of $33,333—or, 25% of Plaintiff E.H.'s $133,333 gross settlement." (*Id.* at 3.) Attorney Merin further has stated that he and his law firm "did not become involved in this matter at the insistence of any party against whom a claim is asserted and they have not received any compensation for their services to date." (*Id.* at 3.) The court, therefore, finds an award of 25% of the total recovery—$33,333.00 of the $133,333 gross settlement—is reasonable.

## CONCLUSION

For the reasons set forth above:

1. Plaintiffs' motion for approval of a proposed settlement for minor plaintiff E.H. (Doc. No. 22) is granted;

2. Pursuant to the terms of the parties' settlement, defendants shall pay $133,333 to plaintiff E.H. to resolve all claims brought in this action;

3. Pursuant to the motion to approve the proposed settlement for E.H. granted by this order:

    a. Defendants shall pay $100,000.00 to plaintiff E.H. in the form of a structured annuity as follows:

        i. Defendants shall pay $100,000.00 to MetLife Assignment Company, Inc. to fund the obligation for the four periodic payments outlined in the Structured Annuity Attachment attached as an exhibit to plaintiffs' motion (*see* Doc. No. 22-2 at 45–46), specifically:

            1. $25,000.00 at age 18 in 2028;
            2. $25,000.00 at age 21 in 2031;
            3. $25,000.00 at age 25 in 2035; and

    4. $112,783.60 at age 30 in 2040;

 b. Defendants shall pay $33,333.00 to plaintiffs' counsel for attorneys' fees incurred in litigation this action; and

4. The parties are directed to file a request for dismissal of this action within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: **December 8, 2023**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6